UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>EUGENE ATKINS, II, )<br>)<br>    Defendant. )<br>_____ ) | Case No. 1:04-cr-00299<br><br>Honorable Robert Holmes Bell |

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendant's motion to withdraw his plea of guilty to Count One of the Third Superseding Indictment (Dkt. 61). Count One charges defendant with knowingly and intentionally distributing heroin, resulting in serious bodily injury and death from the use of the heroin, in violation of 21 U.S.C. §§ 841(a)(1) and(b)(1)(C). The guilty plea was taken on November 17, 2005. Defendant's request to withdraw his guilty plea was docketed on November 23, 2005. A hearing on the motion was held on December 8, 2005. For the reasons stated herein, the undersigned recommends that defendant's motion be granted, and that he be allowed to withdraw his guilty plea.

Defendant's court appointed attorney Michael Dunn stated at the hearing that there had been a breakdown in the attorney-client relationship. Defendant concurred.

Fed. R. Crim. P. 11(d)(1) provides that a defendant may withdraw a plea of guilty before the court accepts the plea for any reason or no reason. As of the time of defendant's motion, the

Honorable Robert Holmes Bell had not yet accepted his plea of guilty. Thus, it appears that under the pertinent court rule, defendant Eugene Atkins, II has the right to withdraw the plea.

The Sixth Circuit has also set out factors for the court to consider in evaluating whether or not to allow a request to withdraw a guilty plea. *See, e.g., United States v. Lineback*, 330 F.3d 441 (6th Cir. 2003); *United States v. Turpin*, 2005 WL 3275429 (6th Cir. 2005); *United States v. McCoy*, 2005 WL 3113492 (6th Cir. 2005). Although not strictly on point because Mr. Atkins' plea had not been accepted and entered by the Court, and thus the motion is to be decided under Fed. R. Crim. P. 11(d)(1), the Sixth Circuit's discussions are instructive. The factors to be evaluated are as follows:

1. The amount of time that elapsed between the plea and the motion to withdraw it;

2. The presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceedings;

3. Whether the defendant has asserted or maintained his innocence;

4. The circumstances underlying the entry of the guilty plea;

5. The defendant's nature and background;

6. The degree to which the defendant has had prior experience with the criminal justice system; and

7. Potential prejudice to the government if the motion to withdraw the plea is granted.

*Id.*

Clearly, the first two factors weigh in defendant's favor, as he very quickly filed his motion to withdraw his plea. Regarding factor number three, whether the defendant has asserted or

maintained his innocence, although there was clearly a factual basis for the plea given at defendant's guilty plea hearing, he also asserted his innocence in his motion.

Defendant allegedly had previously requested substitute counsel. His court appointed attorney, Michael Dunn, also expressed on the record that the attorney-client relationship had broken down. Further, defendant no doubt felt he was under pressure because of the expressed intention of the United States Attorney's Office to file a notice of prior drug conviction, which would result, if he is convicted, in a mandatory life imprisonment sentence.

Concerning defendant's nature and background, he is twenty years old and was nineteen at the time of the events giving rise to his indictment. He appears to be unsophisticated and has a GED.

Regarding the degree to which he has experience with the criminal justice system, as already noted, he does have a prior state drug-related felony conviction.

Finally, the government stated that there would be no prejudice to it if the motion to withdraw is granted, and that it had no objection to allowing defendant to withdraw his plea. Thus six out of the seven factors would also weigh in favor of allowing defendant to withdraw his plea even if it had been accepted at the time of his motion.

Mr. Dunn also requested to withdraw as defendant's attorney at the motion to withdraw plea hearing for the reason that there had been a breakdown in the attorney-client relationship, and that defendant did not place confidence in Mr. Dunn's advice. Defendant concurred with this assessment and requested different counsel. By separate order, I have allowed Mr. Dunn to withdraw and appointed new counsel.

Under Fed. R. Crim. P. 11(d)(1) and analogous case law, the undersigned recommends that defendant's motion to withdraw his plea should be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.


Date:  December 12, 2005            /s/ Ellen S. Carmody
                                    ELLEN S. CARMODY
                                    United States Magistrate Judge