## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: May 11, 2020

Mr. Eugene Atkins II
U.S.P. Pollock
P.O. Box 2099
Pollock, LA 71467

Mr. Raymond E. Beckering III
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

Mr. Nils R. Kessler
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

Mr. Frank E. Stanley
Law Office
200 N. Division Avenue
Grand Rapids, MI 49503

         Re:  Case No. 06-2034, *USA v. Atkins*
               Originating Case No. : 04-00299-001

Dear Mr. Atkins and Counsel,

   The Court issued the enclosed Order today in this case.

                                  Sincerely yours,

                                  s/Roy G. Ford
                                  Case Manager
                                  Direct Dial No. 513-564-7016

cc:  Mr. Ronald C. Weston

Enclosure

No. 06-2034

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
May 11, 2020
DEBORAH S. HUNT, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | )   O R D E R |
| | ) |
| EUGENE ATKINS, II, | ) |
| | ) |
|     Defendant-Appellant. | ) |

Before: BOGGS, Circuit Judge.

This court affirmed the conviction and life sentence of Eugene Atkins II for distribution of heroin resulting in death and four other heroin-related counts. *United States v. Atkins*, 289 F. App'x 872 (6th Cir. 2008). This court also denied him a certificate of appealability from the denial of his motion to vacate under 28 U.S.C. § 2255. *Atkins v. United States*, No. 10-2653 (6th Cir. Aug. 5, 2011) (order). Atkins moves to recall the mandate in either appeal because heroin was not an independently sufficient cause of death of his victim, given that it was not found in the victim's blood. He also moves for the appointment of counsel.

"[C]ourts of appeals have the inherent authority to recall a mandate." *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005) (order). Such power, however, "should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate." *Id.* (citing *Calderon v. Thompson*, 523 U.S. 538, 549−50 (1998)).

No. 06-2034
-2-

Further, "such power 'is one of last resort, to be held in reserve against grave, unforeseen contingencies.'" *Id*. (quoting *Calderon*, 523 U.S. at 549−50).

"[W]here use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage v. United States*, 571 U.S. 204, 218–19 (2014). This holding is retroactive to cases on collateral review. *See Harrington v. Ormond*, 900 F.3d 246, 249–50 (6th Cir. 2018).

In Atkins's case, the victim died because of a heroin overdose, using heroin supplied by Atkins. Atkins's contention that heroin was not the immediate cause of the victim's death is misplaced. Thus, Atkins has not demonstrated the exceptional circumstances necessary to recall the mandate.

The motion to recall the mandate is **DENIED**. The motion for the appointment of counsel is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk